IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(KANSAS CITY DOCKET)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 14-20098-01/02-CM |
| ) | |
| EDWARD E. MCLINN, ) | |
| and ) | |
| DARYL R. MCLINN, ) | |
| ) | |
| Defendants. ) | |

## SUPERSEDING INDICTMENT

The Grand Jury charges that:

## COUNT 1

On or about September 18, 2014, in the District of Kansas, the defendant,

**EDWARD E. MCLINN,**

having been adjudicated a mental defective and committed to a mental institution; knowingly and unlawfully shipped and transported in interstate and foreign commerce, possessed in and affecting interstate and foreign commerce, and received firearms, namely, a .45 caliber Sig Sauer pistol, Model P220, serial number 37B009039, and a .223 caliber Stag Arms rifle, serial number 304433, and ammunition, which had been shipped and transported in interstate and foreign commerce, in violation of Title 18, United States Code, Sections 922(g)(4) and 924(a)(2).

## COUNT 2

### A. Introduction

At all times relevant to the charges in this Superseding Indictment, the following

1

statements are alleged:

Jayhawk FIrearms is located at 435 New York Avenue, Holton, Kansas. This business is a federally licensed gun dealer (hereinafter referred to as FFL), authorized to sell firearms to the general public. FFLs are licensed through the Bureau of Alcohol, Tobacco, Firearms and Explosives (hereinafter referred to as ATF), within the Department of Justice.

The proper procedure for the lawful purchase of a firearm is as follows:

a. An individual selects a firearm to purchase, produces a valid photo identification and provides payment for the firearm.

b. The individual is required to complete and fill out an Alcohol, Tobacco and Firearms Transaction Record 4473 Form. The individual provides personal information including name, residence address, place of birth, height, weight, sex, birth date, social security number, race, State of residence, and country of citizenship. There are also a series of questions that the buyer is required to answer, which includes the following:

> "Are you the actual buyer of the firearm(s) listed on this form? Warning: You are not the actual buyer if you are acquiring the firearm(s) on behalf of another person. If you are not the actual buyer, the dealer cannot transfer the firearm(s) to you."

> "Have you ever been adjudicated mentally defective (which includes a determination by a court, board, commission, or other lawful authority that you are a danger to yourself or to others or are incompetent to manage your own affairs) OR have you ever been committed to a mental institution?"

c. The purchaser acknowledges and certifies that all answers on the form are true and correct. The purchaser also acknowledges that if "yes" was answered to whether they have been convicted of a felony, they would be precluded from purchasing a firearm. The purchaser indicates that they understand making any false oral or written statements

is a crime punishable as a felony.

    d. Once the purchaser completes the paperwork, the FFL makes a National Instant Criminal Background Check System (hereinafter referred to as NICS) inquiry through the Federal Bureau of Investigation. This inquiry identifies whether the purchaser is prohibited based upon their criminal history from purchasing a firearm.

    e. The NICS inquiry notifies the FFL immediately whether the purchaser has passed the background check. In the event the purchaser passes the NICS check, the FFL is advised that the transaction can "proceed." The NICS check may also notify the FFL that the transaction is "denied" or that it will be "delayed," in either event the transaction would not proceed at that time.

    f. Once the purchaser has passed the NICS check, the transaction is completed and the firearm is then given to the purchaser.

### B. The Conspiracy

Beginning on or about December 27, 2013, and continuing to on or about January 7, 2014, both dates being approximate and inclusive, in the District of Kansas, the defendants,

**EDWARD E. MCLINN,**
**and**
**DARYL R. MCLINN,**

unlawfully, knowingly and intentionally conspired and agreed together and with each other, to commit the following offense against the United States: knowingly made false and fictitious written statements to Jayhawk Firearms, a licensed firearms dealer, that is, falsely representing the actual buyer of the firearm to be Daryl R. McLinn, which statement was likely to deceive Jayhawk Firearms, as to a fact material to the lawfulness

of such sale or acquisition of the said firearm to Daryl R. McLinn, in connection with the acquisition of a firearm, namely, a .223 caliber Stag Arms forged lower receiver, serial number 304433, in violation of Title 18, United States Code, Section 922(a)(6), and Title 18, United States Code, Section 924(a)(2).

### C. Manner and Means

It was part of the conspiracy and in furtherance of it that Edward E. McLinn requested his father, Daryl R. McLinn, to pose as the true purchaser of a firearm, for the "straw purchase" of the firearm above noted for completing the fraudulent transaction.

### D. Overt Acts

The Grand Jury further charges that in furtherance of this conspiracy and to effect and accomplish the objects of it, the following overt acts were committed in the District of Kansas:

1. Edward E. McLinn was aware and/or believed that he was prohibited from purchasing a firearm because he been adjudicated a mental defective and committed to a mental institution in Douglas County, Kansas District Court on or about August 27, 2013 and because he was convicted in 2008 of Possession of Cocaine, a state felony crime, in Douglas County, Kansas District Court.

2. Beginning on or about December 13, 2013, Edward E. McLinn began purchasing firearm parts through on-line companies in order to manufacture a .223 caliber rifle. In order to complete the rifle, Edward E. McLinn knew that he would need a lower receiver and requested that his father assist with the purchase of the lower receiver. On December 27, 2013, Daryl R. McLinn made contact with Jayhawk Firearms and ordered a .223 caliber Stag Arms forged lower receiver, serial number 304433, and

requested that it be engraved to say "Second Amendment." Daryl R. McLinn filled out a Firearms Acquisition Form (4473) he indicated that he was the "actual buyer" of the firearm. On or about January 6, 2014, Daryl R. McLinn completed the firearm transaction with Jayhawk Firearms and acquired the firearm. Daryl R. McLinn acknowledged on the 4473 form that all of his answers were true, correct and complete.

3. On or about July 28, 2014, Daryl R. McLinn purchased and acquired a .45 caliber Sig Sauer pistol, Model P220, serial number 37B009039, from H & E Body and Gun Shop, 101 Baltimore, Seneca, Kansas. When Daryl R. McLinn filled out a Firearms Acquisition Form (4473) he indicated that he was the "actual buyer" of the firearm.

4. On or about September 18, 2014, a .45 caliber Sig Sauer pistol, Model P220, serial number 37B009039, and a fully constructed .223 caliber Stag Arms rifle, serial number 304433, were recovered from the possession of Edward E. McLinn in Douglas County, Kansas.

5. The Grand Jury incorporates all of the allegations contained in Counts One and Three through Five, of this Superseding Indictment as additional overt acts as though fully set forth at this point.

All in violation of Title 18, United States Code, Section 371.

## COUNT 3

Beginning on or about December 27, 2013, and continuing to on or about January 7, 2014, both dates being approximate and inclusive, in the District of Kansas, the defendants,

**EDWARD E. MCLINN,
and
DARYL R. MCLINN,**

unlawfully and knowingly made false and fictitious written statements to Jayhawk Firearms, a licensed firearms dealer, that is, falsely representing the actual buyer of the firearm to be Daryl R. McLinn, which statement was likely to deceive Jayhawk Firearms, as to a fact material to the lawfulness of such sale or acquisition of the said firearm to Daryl R. McLinn, in connection with the acquisition of a firearm, namely, a .223 caliber Stag Arms forged lower receiver, serial number 304433, in violation of Title 18, United States Code, Sections 922(a)(6), 924(a)(2) and Title 18, United States Code, Section 2.

## COUNT 4

On or about July 28, 2014, in the District of Kansas, the defendants,

**EDWARD E. MCLINN,**
**and**
**DARYL R. MCLINN,**

unlawfully and knowingly made false and fictitious written statements to H & E Body and Gun Shop, a licensed firearms dealer, that is, falsely representing the actual buyer of the firearm to be Daryl R. McLinn, which statement was likely to deceive H & E Body and Gun Shop, as to a fact material to the lawfulness of such sale or acquisition of the said firearm to Daryl R. McLinn, in connection with the acquisition of a firearm, namely, a .45 caliber Sig Sauer pistol, Model P220, serial number 37B009039, in violation of Title 18, United States Code, Sections 922(a)(6), 924(a)(2) and Title 18, United States Code, Section 2.

## COUNT 5

Beginning on or about December 27, 2013, and continuing to on or about September 18, 2014, both dates being approximate and inclusive, in the District of Kansas, the defendant,

**DARYL R. MCLINN,**

knowingly disposed of a firearm, that is, a .223 caliber Stag Arms forged lower receiver, serial number 304433, to Edward E. McLinn, knowing and having reasonable cause to believe that Edward E. McLinn had been adjudicated a mental defective and committed to a mental institution in Douglas County, Kansas District Court on or about August 27, 2013, and that Edward E. McLinn had been convicted in 2008, of Possession of Cocaine, a state felony crime, in Douglas County, Kansas District Court, in violation of Title 18, United States Code, Sections 922(d) and 924(a)(2).

## COUNT 6

Beginning on or about July 28, 2014, and continuing to on or about September 18, 2014, both dates being approximate and inclusive, in the District of Kansas, the defendant,

**DARYL R. MCLINN,**

knowingly disposed of a firearm, that is, a .45 caliber Sig Sauer pistol, Model P220, serial number 37B009039, to Edward E. McLinn, knowing and having reasonable cause to believe that Edward E. McLinn had been adjudicated a mental defective and committed to a mental institution in Douglas County, Kansas District Court on or about August 27, 2013, and that Edward E. McLinn had been convicted in 2008, of Possession of Cocaine, a state felony crime, in Douglas County, Kansas District Court, in violation of Title 18, United States Code, Sections 922(d) and 924(a)(2).

## FORFEITURE ALLEGATION

1. The allegations contained in Counts 1 through 6 of the Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to

Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c).

2. Upon conviction of any of the offenses identified in Counts 1 through 6, the defendants,

**EDWARD E. MCLINN,**
**and**
**DARYL R. MCLINN,**

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in the commission of the offenses, including, but not limited to a .45 caliber Sig Sauer pistol, Model P220, serial number 37B009039, and a .223 caliber Stag Arms rifle, serial number 304433, and ammunition, seized by law enforcement, in the District of Kansas, on September 18, 2014.

All pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c).

A TRUE BILL.


DATED: September 2, 2015          *s/ Foreperson*
                                  FOREPERSON OF THE GRAND JURY

*s/ Terra D. Morehead #12759*
BARRY R. GRISSOM, Ks. S. Ct. No. 10866
United States Attorney
District of Kansas
500 State Ave., Suite 360
Kansas City, KS 66101
(913) 551-6730
(913) 551-6541 (fax)
barry.grissom@usdoj.gov

(It is requested that trial of the above captioned case be held in Kansas City, Kansas.)

**PENALTIES:**

**Counts 1 and 3-6:**

- NMT 10 years Imprisonment,
- NMT $250,000.00 Fine,
- NMT 3 years S.R.,
- $100 Special Assessment; and,
- Forfeiture Allegation.

**Count 2:**
- NMT 5 years Imprisonment;
- NMT $250,000.00 Fine;
- NMT 3 years S.R.;
- $100 Special Assessment; and,
- Forfeiture Allegation.