**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(KANSAS CITY DOCKET)**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **CASE NO. 14-20098-01-CM** |
| | ) |
| **EDWARD E. MCLINN,** | ) |
| | ) |
| **Defendant.** | ) |

**THIRD SUPERSEDING INDICTMENT**

The Grand Jury charges that:

**<u>COUNT 1</u>**

**A.   Introduction**

At all times relevant to this Third Superseding Indictment:

1.     Edward E. McLinn was convicted in 2008 of Possession of Cocaine, in violation of K.S.A. 65-4160, a state felony crime, case number 07CR193, in Douglas County, Kansas District Court.   On September 11, 2008, Edward E. McLinn was sentenced to an 18-month term of probation, and he was discharged from supervision on or about August 18, 2010.   Under Kansas law, it was unlawful for Edward E. McLinn to own and possess a firearm for a period of ten years from the date he was sentenced.

2.     On or about July 2, 2014, Edward E. McLinn submitted a Petition for Expungement of Conviction, to the District Court of Douglas County, Kansas, regarding his 2008 Possession of Cocaine conviction, which was never ruled upon by the court. Under Kansas law an individual is not eligible for expungement of a conviction for a period of 5 years from the date of discharge from supervision, which would have been on or

about August 18, 2015.

3.     On or about August 27, 2013, Edward E. McLinn was temporarily involuntarily committed to a mental institution, namely Osawatomie State Hospital, in connection with probate proceedings in Douglas County, Kansas District Court.   On or about September 3, 2013, Edward E. McLinn was discharged from the hospital, and he was informed, as follows:

> It is a violation of the law for any person who has been involuntarily civilly committed to possess a firearm.  For the restoration of the ability to legally possess a firearm, a petition must be filed in the District court where treatment was ordered.   K.S.A. 75-7c26 provides a procedure for restoration.

4.     On February 28, 2014, Edward E. McLinn began drafting a Petition to the District Court of Douglas County, Kansas, seeking certain relief, including "of disabilities from the prohibitions of shipping, transporting, possessing or receiving firearms or ammunition by subsection (d)(4) or (g)(4) of 18 U.S.C. § 922," and to declare the provisions of K.S.A. 75-7c25 (which relates to entry in certain databases, and prohibition of possession of firearms) to be unconstitutional.

5.     On June 11, 2014, Edward E. McLinn modified this Petition, by referencing the following:   an "Affidavit;" that "Daryl R. McLinn, petitioners father, will be present for character testimony at the hearing;" his criminal history; "the Petition used to hospitalize me;" and "the Hospital findings/Petitioner's mental health records."

6.     On March 6, 2014, Edward E. McLinn created an Affidavit, which was later modified on June 11, 2014, in which he explained that he was seeking restoration of his firearm rights, and that he was not a threat to the public safety.

7.     Jayhawk Firearms is located at 435 New York Avenue, Holton, Kansas.

This business is a federally licensed gun dealer (hereinafter referred to as FFL), authorized to sell firearms to the general public.   FFLs are licensed through the Bureau of Alcohol, Tobacco, Firearms, and Explosives (hereinafter referred to as ATF), within the Department of Justice.

8.    The procedure for the lawful purchase of a firearm is as follows:

a.  An individual selects a firearm to purchase, produces a valid photo identification and provides payment for the firearm.

b.  The purchaser is required to complete and fill out an ATF Transaction Record 4473 Form.   The purchaser provides personal information including name, residence address, place of birth, height, weight, sex, birth date, social security number, race, State of residence, and country of citizenship. The purchaser must answer several questions, which includes the following:

> "Are you the actual buyer of the firearm(s) listed on this form?  Warning: You are not the actual buyer if you are acquiring the firearm(s) on behalf of another person.  If you are not the actual buyer, the dealer cannot transfer the firearm(s) to you."

The FFL would not be permitted to proceed with the transaction if the purchaser acknowledged that he was not the actual buyer of the firearm.

c.  There are a number of prohibiting events that preclude an individual from lawfully purchasing a firearm, which includes whether someone has "ever been convicted in any court of a

felony, or any other crime for which the judge could have imprisoned (them) for more than one year, even if (they) received a shorter sentence including probation," and whether they had "ever been adjudicated a mental defective or. . .ever been committed to a mental institution."   *See* ATF Form 4473.

d. On the Form 4473, the purchaser acknowledges and certifies that all answers on the form are true and correct.   The purchaser also acknowledges that if "yes" was answered to whether they have been convicted of a felony or whether they had ever been adjudicated a mental defective or committed to a mental institution, they would be precluded from purchasing a firearm.   In addition, the purchaser acknowledges that they understand making any false oral or written statements is a crime punishable as a felony.

e. Once the purchaser completes the Form 4473, the FFL makes a   NICS (National Instant Criminal Background Check System ) inquiry through the Federal Bureau of Investigation. This inquiry identifies whether the purchaser is prohibited based upon their criminal history from purchasing a firearm.

f. The NICS inquiry notifies the FFL immediately if the purchaser has passed the background check.   If the purchaser passes the NICS check, the FFL is informed that the transaction can

"proceed."   The NICS check may also notify the FFL that the transaction is "denied" or that it will be "delayed," in which case the transaction would not proceed at that time.

g.   Once the purchaser passes the NICS check, the transaction may proceed and the firearm may be sold to the purchaser.

## B.   The Conspiracy

9.      Beginning on or about December 13, 2013, and continuing to on or about September 18, 2014, both dates being approximate and inclusive, in the District of Kansas, the defendant,

## EDWARD E. MCLINN,

unlawfully and knowingly conspired and agreed with Daryl R. McLinn, to commit the following offenses against the United States:   (a) to knowingly make false and fictitious written statements to Jayhawk Firearms, a licensed firearms dealer, that is, falsely representing the actual buyer of the firearm to be Daryl R. McLinn, which statement was intended and likely to deceive Jayhawk Firearms as to a fact material to the lawfulness of such sale of said firearm to Daryl R. McLinn, in connection with the acquisition of a 5.56 caliber Stag Arms forged lower receiver, serial number 304433; and (b) to knowingly make false and fictitious written statements to H & E Body and Gun Shop, a licensed firearms dealer, that is, falsely representing the actual buyer of the firearm to be Daryl R. McLinn, which statement was intended and likely to deceive H & E Body and Gun Shop as to a fact material to the lawfulness of such sale of the firearm to Daryl R. McLinn, in connection with the acquisition of a .45 caliber Sig Sauer pistol, Model P220, serial number 37B009039; in violation of Title 18, United States Code, Section 922(a)(6), and

Title 18, United States Code, Section 924(a)(2).

## C.  Manner and Means

10.     It was part of the conspiracy and in furtherance of it that defendant Edward E. McLinn requested that his father, Daryl R. McLinn, pose as the "straw purchaser" of the firearms listed in the preceding paragraph, because Edward E. McLinn reasonably believed that he was prohibited by law from purchasing a firearm, due to his prior conviction and mental health commitment.

## D.  Overt Acts

11.     In furtherance of this conspiracy and to effect and accomplish the objects of it, one or more of the conspirators, both indicted and unindicted, committed overt acts in the District of Kansas, including the following:

a.  Beginning on or about December 13, 2013, Edward E. McLinn discussed through Skype Chat that he was building an "end of the world zombie killer type" gun.

b.  Beginning on or about December 13, 2013, Edward E. McLinn began purchasing firearm parts through on-line companies that would be necessary to manufacture and create a functioning 5.56 caliber rifle.   More specifically:

i.  On or about December 13, 2013, Edward E. McLinn purchased a 1X OMC Butt stock Mil-spec OD from Hogue Inc., in Paso Robles, California, with a Visa credit card for $129.95, which was shipped to Edward E. McLinn at his residence in Lawrence, Kansas.

    ii.  On or about December 14, 2013, Edward E. McLinn ordered a NM Lower Rec'R Parts Kit from Hogue GRN, Rock River Arms, Inc., located in Colona, Illinois, with a credit card for $200.00, which was shipped to Edward E. McLinn's residence in Lawrence, Kansas.

    iii.  On or about December 31, 2013, Edward E. McLinn purchased the following items, each of which was shipped to Edward E. McLinn's residence in Lawrence, Kansas, from SWFA Outdoors, located in Red Oak Texas, using a Visa credit card:  1) a 1XSWFA SS 12x42 Tactical Rifle Scope (SS#12X42MQ) for $299.95; 2) a 1X Butler Creek Lens Cap Kits (#026K) for $15.95; 3) a 1XSWFA SS 42mm Sun Shade (#SHDH)44), which was backordered; and 4) a SWFA SS AR Tactical Mounts (#SWFA201300) for $209.95.

c.  On or about December 14, 2013, Edward E. McLinn created a text document on his laptop computer that he captioned "AR-15," which listed the following items:

    i.  "Complete Upper – Rock River Arms (20 Inch Varmint A4 Upper Half/Chromed Bolt Carrier) 790.00 + shipping ButtStock – Hogue Green (AR-15/M-16 OverMolded Collapsible Buttstock Assembly – Includes Mil-Spec Buffer Tube and Hardware – OD Green Rubber (15245)) $125.88

Grip – Hogue Green Price Included in LPK";

ii. "Stripped Lower – Stag Arms (2nd Amendment) 145.00"; and

iii. "Lower Parts Kit – Rock River Arms 200.00 + shipping."

d. The document created by Edward E. McLinn further noted:

i. "$1381.00 (I'll get the rest when I have all this put together)";

ii. "Aero shell 33 ms – lube for butt tube threats buffer/buffer spring";

iii. "STILL TO GET" – " Magazines, Flash Suppressor, Sight Assembly/Scope Mounts and Rings, Scope (Mark 4 HAMR Riflescope), Grenade Launcher, 5.56 (62) FMJ PENETRATOR, NATO 62 Grain XM855 SS109 Penetrator Full Metal Jacket"; and

iv. "I'll have Dad Buy These http://www.cheaperthandirt.com/product/AMM-2230, 300 Round Box 5.56 NATO Lake City XM855 FMJ 62 Grain 3025 fps Penetrator M855 SS109 Federal American Eagle 4, Our Low Price $179.79." Edward E. McLinn had also included information about the "Castle doctrine", and "A stand-your-ground law."

e. Between on or about December 13, 2013, and December 27, 2013, Edward E. McLinn requested that his father assist with

the purchase of a lower receiver.

f.   On December 27, 2013, Daryl R. McLinn contacted Jayhawk Firearms, and ordered a 5.56 caliber Stag Arms forged lower receiver, serial number 304433, and requested that it be engraved to say "Second Amendment."   On this same date, Daryl R. McLinn filled out a Firearms Acquisition Form (4473), stating that he was the "actual buyer" of the firearm.

g.   On or about January 6, 2014, Daryl R. McLinn completed the firearm transaction with Jayhawk Firearms, and acquired the firearm.   On this same date Daryl R. McLinn acknowledged on the 4473 form that all of his answers were true, correct and complete.

h.   On or about March 5, 2014, Edward E. McLinn created a document on his laptop computer entitled "AR-15 Bill of Sale," stating in sum and substance, that Daryl McLinn of Holton, Kansas, was transferring a firearm to Edward E. McLinn in Shawnee County, Kansas, effective on March 05, 2014, for the price of $150.00.

i.   Between February 2014, and July 26, 2014, Edward E. McLinn used the internet to research different types of .45 caliber pistols and ammunition.

j.   On or about July 28, 2014, Daryl R. McLinn purchased and acquired a .45 caliber Sig Sauer pistol, Model P220, serial

number 37B009039, from H & E Body and Gun Shop, 101 Baltimore, Seneca, Kansas.

k. Edward E. McLinn accompanied Daryl R. McLinn to H & E Body and Gun Shop, and was present when Daryl R. McLinn purchased the firearm.

l. When Daryl R. McLinn filled out the Firearms Acquisition Form (4473) he stated that he was the "actual buyer" of the firearm.

m. On or about July 31, 2014, Edward E. McLinn discussed with an individual via Skype Chat that he bought some ammunition for his new Sig P220, which he had gotten himself for his birthday.

n. On or about August 15, 2014, Edward E. McLinn purchased a 2X AR500 Curved Trauma Plate Advanced Shooter's cut, a 1XAR500 Armor Chest mounted pistol holder, and a 2X AR500 Armor Trauma Pad, from AR500 Armor in Phoenix Arizona, for $274.00, and had these items shipped to Edward E. McLinn at Daryl R. McLinn's residence in Holton, Kansas.

o. On or about September 18, 2014, Edward E. McLinn possessed at his residence in Douglas County, Kansas, a .45 caliber Sig Sauer pistol, Model P220, serial number 37B009039, and a fully constructed 5.56 caliber Stag Arms rifle, serial number 304433, along with firearm accessories and ammunition.   The 5.56 caliber rifle was equipped with

items that Edward E. McLinn had purchased, and referenced in ¶ 11(b)(i), ¶ 11(b)(ii), and ¶ 11(b)(iii).   In addition, the items purchased in ¶ 11(n) were recovered from Edward E. McLinn's residence.

p.  The Grand Jury incorporates by reference the allegations set forth in Counts 2 and 3, of this Third Superseding Indictment as additional overt acts as though fully set forth at this point.

All in violation of Title 18, United States Code, Section 371.

## COUNT 2

12.    Beginning on or about December 27, 2013, and continuing to on or about January 6, 2014, both dates being approximate and inclusive, in the District of Kansas, the defendant,

**EDWARD E. MCLINN,**

did unlawfully and knowingly aid, abet, counsel, command, induce, and procure the commission of the following offense by Daryl R. McLinn, and did willfully cause Daryl R. McLinn to commit the following offense:   making false and fictitious written statements to Jayhawk Firearms, a licensed firearms dealer, that is, falsely represent the actual buyer of the firearm to be Daryl R. McLinn, which statements were intended and likely to deceive Jayhawk Firearms as to a fact material to the lawfulness of such sale of said firearm to Daryl R. McLinn, in connection with the acquisition of said firearm, namely, a 5.56 caliber Stag Arms forged lower receiver, serial number 304433.

13.    All in violation of Title 18, United States Code, Sections 922(a)(6), 924(a)(2) and Title 18, United States Code, Section 2.

## COUNT 3

14.    On or about July 28, 2014, in the District of Kansas, the defendant,

**EDWARD E. MCLINN,**

did unlawfully and knowingly aid, abet, counsel, command, induce, and procure the commission of the following offense by Daryl R. McLinn, and did willfully cause Daryl R. McLinn to commit the following offense: making of false and fictitious written statements to H & E Body and Gun Shop, a licensed firearms dealer, that is, falsely representing the actual buyer of the firearm to be Daryl R. McLinn, which statements were intended and likely to deceive H & E Body and Gun Shop, as to a fact material to the lawfulness of such sale of the firearm to Daryl R. McLinn, in connection with the acquisition of a .45 caliber Sig Sauer pistol, Model P220, serial number 37B009039.

15.    All in violation of Title 18, United States Code, Sections 922(a)(6), 924(a)(2) and Title 18, United States Code, Section 2.

## FORFEITURE ALLEGATION

16.    The allegations contained in Counts 1 through 3 of the Third Superseding Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c).

17.    Upon conviction of any of the offenses identified in Counts 1 through 3, the defendant,

**EDWARD E. MCLINN,**

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved

in the commission of the offenses, including, but not limited to a .45 caliber Sig Sauer pistol, Model P220, serial number 37B009039, and a 5.56 caliber Stag Arms rifle, serial number 304433, and ammunition, seized by law enforcement, in the District of Kansas, on September 18, 2014.

18      All pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c).

A TRUE BILL.

DATED: August 28, 2019                     *s/ Foreperson*
                                          FOREPERSON OF THE GRAND JURY

*s/ Terra D. Morehead #12759*
STEPHEN R. MCALLISTER, Ks. S. Ct. No. 15845
United States Attorney
District of Kansas
500 State Ave., Suite 360
Kansas City, KS 66101
(913) 551-6730
(913) 551-6541 (fax)
stephen.mccallister@usdoj.gov

(It is requested that trial of the above captioned case be held in Kansas City, Kansas.)

**PENALTIES:**

**Count 1: (Conspiracy to make false and fictitious statements in acquisition of a firearm, 18 U.S.C. § 371, and § 2)**

- NMT 5 years Imprisonment;
- NMT $250,000.00 Fine;
- NMT 3 years S.R.;
- $100 Special Assessment; and,
  Forfeiture Allegation.

**Counts 2 & 3:   (Making false and fictitious statements in the acquisition of firearms, 18 U.S.C. § § 922(a)(6), 924(a)(2), and 2)**

- NMT 10 years Imprisonment,
- NMT $250,000.00 Fine,
- NMT 3 years S.R.,
- $100 Special Assessment; and,
- Forfeiture Allegation.