IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS (KANSAS CITY)
_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | } | |
| Plaintiff, | } | Case No. 2:14-cr-20098-CM-1 |
| | } | |
| vs. | } | |
| | } | Hon. Carlos Murguia |
| EDWARD E. MCLINN, | } | United States District Judge, |
| Defendant. | } | Presiding |

_____

**MOTION TO STRIKE PORTIONS OF COUNTS 2 & 3**

Pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B), the Defendant, Edward McLinn, moves this Court to strike portions of Counts 2 and 3 of the third superseding indictment. Counts 2 and 3, which allege that Mr. McLinn aided and abetted a crime committed by his father, allege, in part, an incorrect mens rea requirement. That incorrect mens rea requirement should be stricken.

**I. Procedural Background**

In October 2014, a federal grand jury returned a one-count indictment against Mr. McLinn, charging him with possession of a firearm by a mental defect, 18 U.S.C. § 922(g)(4). D.E.1. In September 2015, the grand jury returned a six-count superseding indictment, adding three additional counts against Mr. McLinn and his father, Daryl McLinn, which alleged violations of 18 U.S.C. § 922(a)(6) (false statements related to the purchase of a firearm), and two additional counts against Daryl McLinn (Counts Five and Six), which alleged violations of 18 U.S.C. § 922(d) (transferring firearms to Mr. McLinn). D.E.36. The government ultimately dismissed with prejudice the counts against Mr. McLinn's father. D.E.111.

Not so with Mr. McLinn. In February 2016, Mr. McLinn filed, *inter alia*, a motion to dismiss the § 922(g)(4) count. D.E.53. This Court initially denied the motion without prejudice, D.E.107 at 60, but the Tenth Circuit reversed, *United States v. McLinn*, 896 F.3d 1152, 1157 (10th Cir. 2018). On

1

remand, in January 2019, this Court granted the motion to dismiss the § 922(g)(4) count, finding, as a matter of law, that Mr. McLinn was not precluded from possessing a firearm under this provision. D.E.123. The government filed a notice of appeal in February 2019, D.E.128, but voluntarily dismissed the appeal just a few weeks later, D.E.132. With Mr. McLinn's conditional guilty plea withdrawn, D.E.135, on March 18, 2019, this Court set a status conference for April 22, 2019.

But on April 10, 2019, the grand jury returned a seven-count second superseding indictment. D.E.136. In July 2019, Mr. McLinn filed four motions. D.E.141-144. But before this Court could rule on the motions, the grand jury returned a third superseding indictment. D.E.149. The third superseding indictment charges three counts. *Id.*

Count 1 alleges a conspiracy between Mr. McLinn and his father under 18 U.S.C. § 371 (the general federal conspiracy statute). D.E.149 at 1-11. Count 2 alleges that Mr. McLinn aided and abetted the straw purchase of the lower receiver discussed in Count 1, 18 U.S.C. §§ 2, 922(a)(6). *Id.* at 11. But it does so in two ways. It alleges that Mr. McLinn: (1) "did unlawfully and **knowingly** aid, abet, counsel, command, induce, and procure the commission of" his father's straw purchase of a lower receiver; and (2) "did **willfully** cause [his father] to commit" that same offense. D.E.149 at 11. Count 3 alleges an identical offense (but with respect to a pistol, not a lower receiver), with this identical two-pronged mens rea language. *Id.* at 12.

In September 2019, Mr. McLinn was arraigned on this third superseding indictment. D.E.151. Pretrial motions are now due January 17, 2020. D.E.158. This timely motion follows.

## II. Discussion

In order to prosecute an individual for a federal crime, the Fifth Amendment requires the government to obtain an indictment from a grand jury. U.S. Const. amend. V. The basic purpose of this grand jury clause is "to provide a fair method for instituting criminal proceedings against persons believed to have committed crimes." *Russell v. United States*, 369 U.S. 749, 761 (1962). The

grand jury exists "not only to examine into the commission of crimes, but to stand between the prosecutor and the accused." *Hoffman v. United States*, 341 U.S. 479 (1951). In accord with these constitutional principles, to prosecute an individual for a felony, Federal Rule of Criminal Procedure 7(a) requires the government to obtain an indictment. The indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed.R.Crim.P. 7(c)(1). Consistent with Rule 7, the Supreme Court has held that an indictment must "contain the elements of the offense charged." *Hamling v. United States*, 418 U.S. 87, 117 (1974); *see also United States v. Brown*, 925 F.2d 1301, 1304 (10th Cir. 1991) (an "indictment is sufficient if it [] contains the essential elements of the offense intended to be charged").

As discussed above, Counts 2 and 3 both allege that Mr. McLinn aided and abetted the straw purchase of a firearm. D.E.149 at 11, 12. The aiding and abetting statute, 18 U.S.C. § 2, lists two ways in which an individual can aid and abet another's crime. Subsection (a) reaches any person who "aids, abets, counsels, commands, induces or procures [a crime's] commission." 18 U.S.C. § 2(a). Subsection (b) reaches any person who "willfully causes an act to be done which if directly performed by him or another would be [a crime]." 18 U.S.C. § 2(b).

To prove aiding and abetting, the government must prove more than the elements of the underlying offense. After all, aiding and abetting liability under § 2 "reflects a centuries-old view of culpability: that a person may be responsible for a crime he has not personally carried out if he helps another complete its commission." *Rosemond v. United States*, 572 U.S. 65, 70 (2014). "As at common law, a person is liable under § 2 for aiding and abetting a crime if (and only if) he (1) takes an affirmative act in furtherance of that offense, (2) **with the intent** of facilitating the offense's commission." *Id.* at 71 (emphasis added).

Both Counts 2 and 3 generally track this statutory language. D.E.149 at 11-12. Both, for instance, allege that Mr. McLinn "willfully caused" the straw purchase of the lower receiver and pistol. *Id.* Those portions of Counts 2 and 3 properly allege offenses under 18 U.S.C. § 2.

The first portion of the charges, however, do not. In both Counts 2 and 3, the grand jury has alleged that Mr. McLinn "knowingly" aided and abetted his father's straw purchase of a lower receiver and pistol. D.E.149 at 11-12. But the government must prove more than knowledge. The government must prove that Mr. McLinn **intended** to facilitate (or aid and abet) his father's alleged offenses. *Rosemond*, 572 U.S. at 70. "Knowledge alone that a crime is being committed is insufficient. A defendant must share in the intent to commit the underlying offense." *United States v. Rosalez*, 711 F.3d 1194, 1205 (10th Cir. 2013) (cleaned up). Indeed, "knowingly" corresponds to general intent. *United States v. Christy*, 916 F.3d 814, 845 (10th Cir. 2019) (quoting *United States v. Bailey*, 444 U.S. 394, 405 (1980)). And general intent is a lesser mens rea than specific intent. *Christy*, 916 F.3d at 845; *Bailey*, 444 U.S. at 405 (referring to specific intent as a "heightened culpability"). Section 2's mens rea requires "*the intent* of facilitating the offense's commission." *Rosemond*, 572 U.S. at 70 (emphasis added). This language "is phrased in specific intent terms." *Christy*, 916 F.3d at 846.

Thus, by accusing Mr. Mclinn of "knowingly" aiding and abetting his father's (alleged) crime, the grand jury has made "no accusation at all." *United States v. Haymond*, 139 S.Ct. 2369, 2376 (2019). It is only a crime when one intends to aid and abet another's crime; mere knowledge is not enough. *Rosemond*, 572 U.S. at 70; *see also Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 190-193 (2007). This Court should strike this language from Counts 2 and 3. Fed.R.Crim.P. 12(b)(3)(B)(v).[1]

---

[1] We also note that, if this Court grants our motion to dismiss Count 2, which alleges that the lower receiver at issue in Count 2 is not a firearm "receiver" under the federal gun laws, it would also have to strike language from Count 1 alleging that Mr. McLinn and his father conspired to straw purchase the lower receiver. As with the language at issue in this motion, that language also would not state an offense.

4

Respectfully submitted,

s/ Chekasha Ramsey
CHEKASHA RAMSEY, #78476
Assistant Federal Public Defender
500 State Avenue, Suite 201
Kansas City, Kansas 66101
Telephone (913) 551-6712
Fax: (913) 551-6562
E-mail: Che_Ramsey@fd.org

**CERTIFICATE OF SERVICE**

    I certify that on January 17, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Ms. Terra Morehead
Assistant United States Attorney
Terra.Morehead@usdoj.gov

s/ Chekasha Ramsey
CHEKASHA RAMSEY, #78476